Judge Marshall
delivered the Opinion of the Court,
We are of the opinion, that the only rational deduction from the evidence in this case, is, that Allen was to go on to pay for and procure from the owners the title to the land of which he acquired the possession from Chiles, without looking to Chiles for protection or further assurance, and that Chiles was, on his part, under no further obligation to perfect Allen’s title. This inference is confirmed by the long acquiescence of Chiles, and by the conduct of both parties immediately after the arrangement between them, and for more than twenty succeeding years, and being entirely uncontradicted by any fact in the case, the jury would have been bound,if the matter had been referred to them, to have found accordingly.
We think, therefore, that the Court committed no error to the prejudice of the plaintiff, in assuming such to have been the effect of the arrangement between Allen and Chiles. And upon this assumption, the instruction that the deed from May’s heirs to Allen’s heirs, with a peaceable possession of more than twenty years, constituted a bar to the plaintiff’s action, was undoubtedly correct. '
It might have been more regular to have based this instruction upon, the supposition of the fact (to be found by the jury) that Allen was authorized by the arrangement with Chiles, to acquire the title to the land. But as the evidence furnishes no rational ground for inferring the contrary, and as we are satisfied that a verdict negativing this fact (if it had been left to the jury) ought to have been set aside, as being unsupported by evi *567 dence, we think the assumption of the fact by the Court, furnishes no cause of reversal, or of just complaint.
Juries are fre¡quently instructed to find for ¡one party,or the other, upon the whole evidence; and if the verdict is according to thelaw, evidence and justice of the case, it is rarely disturbed.
A and C agree to exchange lands; C holds the land he is to give in exchange by a parol contract— as to which, A takes his place, and agrees to pay the price to, and obtain the deed from, C’s vendor. (Bnte 566) A having obtained the immediate possession of the land, the contract is executed on the part of C, and not executory, so as to estop A from claiming adverse ly to" him, as well as others; and the deed from C’s vendee to A, with 20 years possession before and after its date, bars C’s ejectment for the land.
There are many cases in which the Court may instruct! the jury, upon the whole evidence, to find for one or the other party ;^and)although such a practice is not to be encouraged, yejwhen a verdict found under such in-' struction, is conformable to the law, the ’ evidence and the justice of the case, it is rarely disturbed. The instruction in the present case, considering the state of the evidence was equivalent to a general instruction to find for the defendant, and there being no contrariety of evidence with regard to the nature and effect of the arrangement between Allen and Chiles, which is in fact, the decisive, if not the single question upon which the whole controversy depends, this was a case, if there is ahy such, in which the Court had a right to pronounce at once the conclusion of law upon the evidence, in the form of the peremptory instruction.
The real import of the instruction is, that if the jury believe the statement of the plaintiff’s witness, in regard to the arrangement by which Allen acquired the possession from Chiles, the effect of that arrangement was such as to authorize Allen to obtain a deed from the holder of the legal title, and that if the deed actually obtained from May’s heirs covered the land in controversy, (to which the plaintiff showed no title) that deed, with twenty years possession before and since its date, was a bar to the action. The jury would have been bound to believe the witness as he was uncontradicted and unimpeached, and the legal result from the facts as stated by him, is that, so far as regarded the land in contest, Allen acquired, by the arrangement, the entire right which Chiles had, and that Chiles was no further bound; that as to that particular subject, the contract was not executory, but executed, on the part of Chiles, and that there was no such connection or relation between them, as to preclude Allen from perfecting his title as he might, or from setting it up against Chiles after the expiration of twenty years. The doctrine of estoppel, which holds between landlord and tenant, has *568 never been applied between vendor and vendee of laúd* but in cases where the contract was executory.
Considering the arrangement as a parol exchange oí lands, it is apparent from the evidence,' that Chiles haS finally obtained and entered upon the land, which he was to get. If he has done so by paying for it to the true owners, it is no more than Allen had to do in procuring the title for his land. And if Chiles ever had a right to enter upon the land received by Allen in exchange, on the ground that Allen had no right, or interest in the land which was to be given in exchange, that right of entry accrued immediately, and has been barred by more than twenty years possession.
We are therefore satisfied, that Chiles had no right to recover in any view of the facts which is authorized by the evidence, and that the instruction given is sub* stantially correct.
The judgment is affirmed.