CASE 44—ACTION BY MARIA W. OWENS AND OTHERS AGAINST J. H. MEREDITH AND OTHERS TO RECOVER LAND.—JAN. 21.

# Owens, &c. v. Meredith, &c.

### APPEAL FROM EDMONSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

ADVERSE POSSESSION—UNCONTRADICTED EVIDENCE—PEREMPTORY INSTRUCTIONS—PROPRIETY.

Held: 1. Where, in an action to recover land, eight witnesses testify without contradiction or questioning of their credibility to defendant's adverse possession for more than fifteen years, it is no error, though perhaps irregular, to peremptorily instruct for defendant.

WRIGHT & LOGAN, WILKENS & LAY, AND WILLIAM CROMWELL, FOR APPELLANTS.

This is an action in ejectment to recover two tracts of land.

The defendants denied plaintiff's title and claim the land by adverse possession for more than fifteen years.

The lower court at the close of the evidence on motion of defendants, gave a peremptory instruction to the jury to find for them, and plaintiff's petition was dismissed, and they appeal.

The motion for a peremptory instruction was equivalent to a demurrer to the evidence under the former practice.

By this motion they admit all the recitals in the deed from the auditor's agent under which the plaintiffs claim title. Said sale and deed were made under authority of the act of March 10, 1843, p. 65, and subsequent acts. See Acts 1851-2, p. 314, also Revised Statutes vol 2, chap. 58, p. 105.

Said deed seems to conform to said acts, and as the auditor's agent is an official acting under appointment of the auditor, his acts are *prima facie* valid. Allen v. Robinson, 3 Bibb, 327.

We claim that the title of plaintiffs, now appellants, is shown by the record to be from the Commonwealth, and embraced in the deed of John Wilcox for 30,000 acres which was afterwards

Owens, &c. v. Meredith, &c.

conveyed by register of the land office to James Coleman. Thus appellant's title to this land has the assurance of two officers of the State, and is substantially a formal grant from the State.

J. S. WORTHAM, ATTORNEY FOR APPELLEES.

At the close of appellant's testimony on the trial in the lower court, appellees moved the court to peremptorily instruct the jury to find for them, but the court took the motion under advisement to be decided at the close of all the evidence.

The appellees then introduced their evidence which conduced to show that they they and those under whom they claim had been in the actual continuous and adverse possession of said lands, residing upon and claiming same as their own to a well defined marked boundary, for more than fifteen years next before the commencement of this action; and at the conclusion of all the evidence the court sustained said motion.

1. We claim that as appellants plead a legal title, they must recover on the strength of their own title and not upon the weakness of their adversary.

2. They have not shown title to the land deducible from the Commonwealth.

3. The Commonwealth obtained no title to the lands, and the deed of the auditor's agent to Dickey under which appellants claim, is void.

4. This court has held that so much of the act of 1825 as provided that for a mere failure to list lands for taxation the title should be forfeited and should, *ipso facto*, without inquiry or trial be vested in the Commonwealth, is unconstitutional.   Marshall v. McDaniel, 12 Bush, 378.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellants instituted this action to recover of the appellees a boundary of land situated in Edmonson county, Ky., alleging themselves to be the owners and entitled to the possession of it, and that appellees were in possession, and wrongfully withholding it from them.    Appellees denied the title to appellants, and pleaded title in themselves by adverse possession.    Upon the trial of the case appellants introduced in evidence deeds and oral testimony, which in our

opinion, established a *prima facie* title in them, from the
Commonwealth of Kentucky, to the land in question.    At
the close of appellants' evidence the appellees moved the
court for a peremptory instruction to the jury to find for
them as in case of nonsuit.    This motion was evidently based
upon some objection to one or more of the deeds constituting
appellants' title, but the record does not show definitely
which deed, or the objection thereto.    The court declined to
rule upon the motion until the close of the testimony, where-
upon appellees (who were the defendants below) themselves
testified, and also John Hester, George Sanders, Ples Priddy,
Harding Sanders, John Sanders, and Thomas S, Sanders, that
the appellees, and those under whom they claimed, had been
in the actual, continuous, and adverse possession of the land
in controversy, residing upon and claiming it as their own
to a well defined marked boundary, against all the world,
for more than fifteen years next before the institution of
this action.    After the introduction of this evidence the
court sustained appellees' motion for a peremptory instruc-
tion.    Of this action on the part of the court appellants are
complaining.

  Having reached the conclusion that appellants, by their
evidence, made out a *prima facie* title from the Common-
wealth of Kentucky  to the land in question, it only remains
to decide whether or not the court erred in giving the peremp-
tory instruction in favor of appellees at the close of all the
testimony in, the case.    It may be conceded that appellants
were entitled to a verdict in their favor, unless appellants
made out a sufficient title by adverse possession.    This they
undertook to do by introducing some eight witnesses, who,
without contradiction, testified to facts which showed that
appellees had title to the land by adverse possession.    No
effort was made by appellants to disprove this testimony,

or to in any way call in question the credibility of the wit-
nesses.

It would have perhaps been more regular · for the court
to have submitted the question of appellees' title by posses-
sion to the jury, based upon their belief in the truth of the
evidence; but where, as in this case, the evidence is all one
way upon a given question, and the number of witnesses so
great as to preclude the suggestion of either of the falsity
of the testimony or mistake on the part of the witnesses,
the error of the court in assuming the truth of the testimony
and giving an instruction based thereon, if error at all, is not
of sufficient magnitude or importance to warrant a reversal
of the case based thereon.

In the case of Turpin's Heirs v. McKee's Ex'rs, 7 Dana,
301, upon a question similar in principle to that in hand,
this court said: "Although, therefore, the instruction would
have been more formally .correct if it had submitted the as-
sumed facts hypothetically to the jury, and based the con-
clusion upon their being found true by the jury; yet, as the
facts were clearly proven, and there was no countervailing
testimony, the plaintiffs were not prejudiced by the assump-
tion of the facts on the part of the court."    In the case of
Chiles v. Boothe et al., 3 Dana, 566, it is said:    "There
are many cases in which the court may instruct the jury,
upon the whole evidence, to find for one or the other party;
and, although such a practice is not to be encouraged, yet
when a verdict found under such instruction is conformable
to law, the evidence, and justice of the, case, it is rarely
disturbed.    The instruction in the present case, considering
the state of the evidence, was equivalent to a general instruc-
tion to find for the defendant, and there being no contrariety
of evidence with regard to the nature and effect of the ar-
rangement between Allen and Chiles, which is in fact the deci-

sive, if not the single, question upon which the whole controversy depends, this was a case, if there is any such, in which the court had a right to pronounce at once the conclusion of law upon the evidence in the form of the peremptory instruction." And in the case of Evans' Adm'r v. Spillman, 6 B. Mon., 334, the rule on this question was thus announced. "The jury then, having been bound to find the facts on which the efficacy of the five years adverse possession by the defendant depended, the assumption of those facts by the court, or the failure to submit them to the jury, does not constitute such an error in the instruction, nor so affect the verdict found under it, as to furnish ground for a new trial." In the case at bar, the testimony for appellees on the question of their title by adverse possession, considering the number and evident credibility of the witnesses, having been so overwhelming, and there being no countervailing evidence whatever on this point, the jury were bound to have found this crucial question in their favor; and, this being true, we think the court did not err in giving the peremptory instruction.

Wherefore the judgment is affirmed.